# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CURTIS E. HARRIS,**

        **Plaintiff,**

  v.                                      **Case No. 06-C-529**

**KEVIN G. CLARK, et al.,**

        **Defendants.**

## DECISION AND ORDER

This is a lawsuit filed pursuant to 42 U.S.C. § 1983 alleging that former Milwaukee Police Officer Kevin G. Clark injured plaintiff Curtis E. Harris through the use of excessive force in violation of the Fourth Amendment to the United States Constitution. Before me now are several motions in limine.

**A.    Plaintiff's motion to exclude testimony of Lt. Stephen Basting.**

Plaintiff first moves to exclude certain testimony by defendants' expert witness on police practices and the use of force, Lt. Stephen R. Basting. Plaintiff does not argue that Basting's opinions are inadmissible under Federal Rule of Evidence 703; rather, he argues that the evidence should be excluded under Federal Rule of Evidence 403. (Docket #108 at p. 2.) However, Rule 403 permits the exclusion of relevant evidence for a number of reasons, and plaintiff does not specify the exact provision of Rule 403 he means to invoke. In any event, the essence of plaintiff's objection is that Basting's opinions are based on facts stated in Clark's affidavit which contradict Clark's prior deposition testimony. But this is not a reason to exclude relevant evidence under Rule 403. Clark can testify at trial however he wants. If Clark's trial testimony is inconsistent with either his affidavit or his

deposition testimony, plaintiff will be allowed to impeach him. It will then be up to the jury to decide whether to credit Clark's testimony. If Clark testifies consistently with his affidavit and the jury believes him, the jury may also decide to credit those of Basting's opinions that rely on Clark's affidavit. Therefore, plaintiff's motion to exclude Basting's testimony is denied.

**B.     Plaintiff's motion to exclude evidence of prior convictions.**

Plaintiff next moves to exclude evidence of his prior convictions pursuant to Federal Rule of Evidence 609. In their response to this motion, defendants do not argue that plaintiff's prior convictions should be admitted for impeachment purposes. Rather, they argue that plaintiff's prior convictions are relevant to explaining Clark's decision to arrest plaintiff. (Docket # 117 at p. 4.) But defendants do not argue that Clark knew about plaintiffs' prior convictions at the time of his arrest; instead, they argue that Clark arrested Harris in part because "there was at least one outstanding warrant" for his arrest. (Id.) Outstanding warrants and prior convictions are two different things, however, and although the existence of an outstanding warrant might be relevant background information (I discuss this possibility below), the convictions have no relevance beyond their impeachment value. Since defendants have not sought to admit the convictions for impeachment purposes, plaintiff's motion to exclude them is granted.

**C.     Plaintiff's motion to exclude evidence concerning outstanding warrants.**

Plaintiff next moves to exclude evidence concerning warrants for his arrest that were outstanding at the time Clark arrested him. The warrants had been issued because plaintiff had failed to pay outstanding fines in the amount of $300.

2

Like all evidence, a warrant cannot be admitted unless it is relevant and is not substantially more prejudicial than probative. Fed. R. Evid. 403; United States v. Morris, 498 F.3d 634, 642 (7th Cir. 2007). Defendants argue that the warrants are relevant to explaining the totality of the circumstances surrounding Clark's use of force. See Graham v. Connor, 490 U.S. 386, 396 (1989). Defendants argue that the evidence will show that the existence of the outstanding warrants was one of the reasons Clark decided to arrest plaintiff on the night of the incident (the other being plaintiff's disorderly conduct). Further, the Supreme Court has stated that one factor to consider when evaluating whether an officer's use of force was reasonable is "the severity of the crime at issue." Id. Here, the "crime at issue" would seem to be both plaintiff's disorderly conduct and his prior conduct resulting in the warrant for his arrest. However, the conduct forming the basis for the warrant – failing to pay a $300 fine – could not reasonably be viewed as an offense that would cause an officer to fear for his or her safety, and thus the existence of the warrant is not particularly relevant to explaining Clark's subsequent use of force. At the same time, the existence of a warrant for failing to pay a $300 fine is not particularly prejudicial to plaintiff. It is not as if the warrant were for murder or some other heinous offense.

I conclude that the existence of the warrants is relevant background information, but only marginally so. The warrants are also mildly prejudicial. However, the probative value of the warrants is not <u>substantially</u> outweighed by the danger of unfair prejudice, and therefore I will not exclude them.

**D. Plaintiff's motion to exclude evidence concerning his drug and alcohol use.**

Plaintiff next moves to exclude evidence concerning his drug and alcohol use. Defendants argue that this evidence is relevant to two issues. First, defendants argue that the evidence relates to plaintiff's health and thus is relevant to determining the extent of the damages caused by Clark's use of force. However, the effect of drug and alcohol use on plaintiff's health is not a matter that can be determined by an average juror without the assistance of expert medical testimony. At this stage of the litigation, I do not know what the medical testimony will be. I will therefore defer ruling on this issue until I have a better understanding of the medical testimony. However, I note that evidence concerning drug and alcohol use will not be admitted in order to prove matters relating to plaintiff's health unless defendants can cite admissible medical testimony providing the necessary foundation. If defendants can establish the proper foundation, I will then determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

Second, defendants argue that plaintiff's drug and alcohol use is relevant to his behavior on the night of the incident. Insofar as defendants seek to present evidence that plaintiff had used drugs or alcohol on the night of his arrest, they will be allowed to do so. Whether plaintiff was under the influence of drugs or alcohol at that time is highly relevant to assessing the totality of the circumstances surrounding Clark's use of force. An intoxicated suspect might be more likely to use violence, and thus whether plaintiff was intoxicated is relevant to assessing Clark's claim that plaintiff tried to punch him. See Saladino v. Winkler, 609 F.2d 1211, 1214 (7th Cir. 1979). Further, whether plaintiff was

4

intoxicated is relevant to evaluating the accuracy of his perception and memory of the events surrounding the incident.[1] For these reasons, defendants will be allowed to present evidence that plaintiff was under the influence of drugs or alcohol during his arrest and booking. At trial, they may question plaintiff about his use of drugs or alcohol that night, they may argue to the jury that plaintiff's behavior as depicted on the booking room video shows that he was intoxicated, and they may ask any other witnesses with personal knowledge about plaintiff's drug or alcohol use that night. However, defendants may not introduce evidence concerning instances of plaintiff's drug or alcohol use <u>prior</u> to the night of his arrest. Under Rule 404(b), evidence of prior acts is not admissible to prove action in conformity therewith, and thus defendants cannot argue that because plaintiff had used alcohol or drugs in the past he was more likely to have been under the influence at the time of his arrest. Therefore, unless defendants can cite medical evidence linking plaintiff's past drug or alcohol use to any of his injuries, defendants will be limited to presenting evidence concerning drug or alcohol use on the night in question.

**E.   Defendants' unopposed motions in limine.**

Defendants have filed several motions in limine which plaintiff does not oppose. I will grant the unopposed motions, meaning that no evidence may be introduced regarding

---

[1] Although plaintiff points out that defendants have not hired a toxicologist to opine on whether plaintiff had consumed enough alcohol to affect his perceptions or behavior on the night of his arrest, I am aware of no authority that would require expert testimony on that issue. The effect of alcohol on a person's perceptions and behavior is a matter within the ordinary knowledge of an average juror. <u>Conde v. Starlight I, Inc.</u>, 103 F.3d 210, 213 (1st Cir. 1997) (holding that expert toxicology testimony not required to establish likely effects of alcohol consumption); <u>United States v. Hillsberg</u>, 812 F.2d 328, 333 (7th Cir. 1987) ("Laymen do have occasion, however, to learn the effects of alcohol. Indeed, permitting an expert to describe the ordinary occurrence of intoxication . . . creates the danger of misleading the jury.").

the following: (1) any other events involving alleged uses of force by Clark; (2) any other arrest or use-of-force situation involving any other law enforcement officer, including police officers employed by the Milwaukee Police Department; (3) any suggestion that any Milwaukee Police Department policy, rule, practice or custom regarding the use of force or effecting an arrest is itself unlawful or otherwise improper, or any suggestion that the Milwaukee Police Department's hiring, supervision or training of its personnel is unlawful or otherwise improper.

**F.      Defendants' motion to exclude testimony of plaintiff's expert, Dennis Waller.**

Defendants next move to exclude all testimony by plaintiff's expert witness on police tactics and the use of force, Dennis Waller. Initially, I note that plaintiff concedes that certain testimony by Waller is inadmissible, namely: (1) testimony regarding Officer Schankey's purported failure to intervene, (2) testimony regarding the credibility of witnesses; and (3) testimony regarding the proximate cause of plaintiff's injuries. Waller will not be allowed to testify about these matters.

Defendants' principal argument in favor of excluding Waller's remaining testimony is that he is not "qualified as an expert" within the meaning of Federal Rule of Evidence 702. From a review of Waller's background and qualifications, however, I can see that Waller certainly has expertise in the area of police tactics and the use of force. He has degrees in police administration, has over 3,000 hours of law enforcement training, and has trained hundreds of officers on the use of force and related matters. Although defendants point out that Waller's Wisconsin certifications have expired, Waller does not appear to be offering any opinions that depend on a specialized understanding of current

6

Wisconsin law enforcement practices. Rather, Waller appears to be testifying generally about the use of force. Therefore, Waller's lack of Wisconsin certifications does not disqualify him from offering expert testimony.

However, having reviewed Waller's report, I am not sure that any of his opinions are admissible under Rule 702. First, some of his opinions will not assist the jury because they relate to matters that the jurors can evaluate on their own. For instance, the jurors do not need expert testimony to assist them in evaluating whether deliberately knocking down a handcuffed suspect and striking him repeatedly for no reason constitutes excessive force. (Report at p. 6.) Second, to the extent that Waller offers opinions that would assist the trier of fact, he does not show that those opinions are the product of reliable principles and methods. Waller does not explain the basis for his opinions in his report – that is, does not explain how he applied his expertise to the facts of this case – and thus I have no idea how he reached his conclusions. For instance, although Waller opines that Clark "ignored, or failed to properly consider the officer-subject factors before using excessive and potentially deadly force" (Report at p. 7), Waller does not explain what those factors are or how he came to the conclusion that Clark ignored them.

If an expert witness cannot explain how he arrived at his conclusions, he will not be allowed to give expert testimony. See, e.g., Zenith Elecs. Corp. v. WH-TV Broadcasting Corp., 395 F.3d 416, 419-20 (7th Cir. 2005). Based on the present record, I am not convinced that Waller can explain his conclusions. However, I have scheduled an evidentiary hearing to evaluate Waller's testimony. If Waller is able to explain how he arrived at his conclusions and I conclude that his conclusions were the product of reliable principles and methods, I will allow his testimony.

7

Finally, defendants object to Waller offering any opinion as to whether Clark's use of force was reasonable on the ground that the reasonableness of Clark's actions "is the ultimate question for the jury." (Docket #114 at p. 7.) However, save for one exception not relevant here, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704; see also United States v. Allen, 10 F.3d 405, 414 (7th Cir. 1993) (objection based on witness offering opinion as to ultimate issue no longer valid). Assuming Waller's opinions are otherwise admissible, he will be allowed to give testimony on the ultimate issue – namely, whether Clark's use of force was reasonable.

### G. Defendants' motion to exclude evidence regarding alleged use of force at scene of arrest.

Defendants' final motion in limine seeks to exclude any evidence regarding plaintiff's allegation that Clark pushed him into the mud and otherwise used excessive force during the initial arrest at plaintiff's sister's house. Defendants argue that these actions did not contribute to plaintiff's quadriplegia and therefore should not be discussed at trial. However, even if the events that transpired at plaintiff's sister's house did not cause plaintiff's injuries, those events are still part of the totality of the circumstances leading up to Clark's use of force in the booking room. Therefore, the jury will be allowed to hear about them.

### CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion in limine #1 is **DENIED**, that his motion in limine #2 is **GRANTED**, that his motion in limine #3 is **DENIED**, and that his motion in limine #4 is **DENIED**.

8

**IT IS FURTHER ORDERED** that defendants' motion in limine is **GRANTED IN PART** and **DENIED IN PART**, as described above.

Dated at Milwaukee, Wisconsin, this 16 day of June, 2009.

/s_____
LYNN ADELMAN
District Judge