# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CURTIS E. HARRIS,**

        Plaintiff,

v.                                                        Case No. 06-C-529

**KEVIN G. CLARK, et al.,**

        Defendants.

## DECISION AND ORDER

Curtis E. Harris filed this lawsuit pursuant to 42 U.S.C. § 1983 and alleges that former Milwaukee Police Officer Kevin G. Clark injured him through the use of excessive force in violation of the Fourth Amendment to the United States Constitution. Before me now is Clark's motion in limine seeking to exclude any evidence of what the parties refer to as the "sledding incident," an incident unrelated to the merits of plaintiff's claims but highly probative of Clark's character for truthfulness.

On the evening of January 27, 2004, Clark and approximately six other Milwaukee police officers decided to go sledding during their shift. While sledding down a hill, Clark broke several ribs and suffered a collapsed lung. In an attempt to avoid being disciplined, the other officers decided to transport Clark to a nearby school. The officers then staged the incident to appear as though Clark had been injured while pursuing a subject on foot and as though the other officers had found him while patrolling the area. Relying on false statements surrounding the event, Clark fraudulently collected worker's compensation benefits from the City of Milwaukee, totaling approximately $12,500. Once the fraud was

discovered, Clark was discharged from the force and convicted of filing a fraudulent insurance claim.

Defendant seeks to exclude evidence of the conviction and this event on several grounds: (1) that it is not relevent, (2) that its probative value is substantially outweighed by the danger of unfair prejudice; and (3) that any probative value is substantially outweighed by the danger of confusing the jury.  For the reasons stated below, I find that evidence of the conviction and underlying event are admissible.  However, evidence of Clark's termination and any other consequences of his fraud (other than the conviction) are inadmissible.

First, evidence concerning this event is relevant because it is highly probative of Clark's character for truthfulness.  Clark will be a witness in this case, and the jury will have to decide whether to believe any of his testimony.  Evidence concerning a witness's character for truthfulness is always relevant, even if it is not relevant to any other issue in the case.  E.g., Price v. Thurmer, 514 F.3d 729, 731 (7th Cir. 2008).

Second, although defendant argues that the probative value of the incident is substantially outweighed by the danger of unfair prejudice or jury confusion, see Fed. R. Evid. 403, this is not a permissible reason for excluding evidence of conviction of a crime involving fraud or dishonesty.  Rather, "an opponent has an absolute right to impeach a witness by introducing a prior conviction based on dishonesty or false statement." Weinstein's Federal Evidence § 609.04[1] (2d ed. 2002).  Federal Rule of Evidence 609(a)(2) states that, for the purpose of attacking the character for truthfulness of a witness, "evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements

2

of the crime required proof or admission of an act of dishonesty or false statement by the witness." (Emphasis added.) Defendant does not dispute that Clark's conviction for insurance fraud required proof or admission of an act of dishonesty or false statement, and therefore his conviction is automatically admissible without reference to the danger of jury confusion or unfair prejudice.

In any event, I find that the danger of jury confusion or unfair prejudice does not substantially outweigh the probative value of the evidence. The evidence is highly probative of Clark's character for truthfulness. One of the key issues in this case is whether Clark reasonably thought that Harris was about to punch him. If he did, then it is more likely that the use of force was objectively reasonable. If he did not, then it is more likely that the use of force was objectively unreasonable. Presumably, Clark will testify that he thought Harris was going to punch him, and Harris will testify that he was not going to punch him. The jury will have to decide whom to believe, and the jury is entitled to weigh the evidence of the sledding incident along with all the other evidence in this case in resolving this issue.[1] On the other hand, there is no risk of jury confusion, because the jurors will be able to easily separate the sledding incident from the decentralization incident. Further, although there is some danger of unfair prejudice – namely, a risk that

---

[1] Defendant correctly notes that the Fourth Amendment reasonableness standard is an objective standard, and argues that for this reason evidence concerning Clark's subjective perceptions are irrelevant. However, Clark's subjective perceptions are among the many circumstances that the jury must consider when determining whether Clark acted reasonably. For instance, if Clark did not think that Harris was a threat to himself or his fellow officers, then it would not have been reasonable to use force against him. Thus, the jury is entitled to consider whether Clark is lying about what he perceived.

3

the jurors might decide to "punish" Clark for his behavior – that danger does not substantially outweigh the high probative value of the evidence.

Accordingly, defendant's motion is limine is, with one qualification, denied. Pursuant to Rule 609(a)(2), plaintiff can introduce evidence that Clark has been convicted of insurance fraud. Further, pursuant to Rule 608(b), plaintiff can question Clark about the sledding incident itself and any false statements he made in an attempt to cover it up. However, plaintiff cannot introduce evidence showing that Clark was discharged from the force as a consequence of his fraud. This is so because, other than evidence concerning conviction of a crime, extrinsic evidence concerning specific instances of untruthful conduct is inadmissible. As the comments to the 2003 amendments to Rule 608(b) explain, "the extrinsic evidence prohibition of Rule 608(b) bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act." The comments cite as an example of this principle a case in which the court refused to admit evidence that an officer was disciplined as a result of lying about an incident. See United States v. Davis, 183 F.3d 231, 257 n.12 (3d Cir. 1999). Thus, although plaintiff can ask Clark about his fraudulent conduct, he cannot introduce evidence of the ensuing termination or any other consequences of such conduct other than the conviction for insurance fraud.

**SO ORDERED** at Milwaukee, Wisconsin, this 31 day of July, 2009.

/s_____
LYNN ADELMAN
District Judge